# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUISHA JONES,<br><br>Plaintiff,<br><br>v.<br><br>REMINGTON LODGING & HOSPITALITY, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 23-20805 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Defendant Remington Lodging & Hospitality, LLC's (the "Defendant") Motion (ECF No. 8) to Vacate the Clerk of the Court's Entry of Default (Docket Entry, dated May 14, 2024).[1] Plaintiff, who is represented by legal counsel, has not opposed the Motion although she has "refused to consent to vacate entry of default." (*See* ECF No 10 at 1.) The Court has considered Defendant's Motion and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion is **GRANTED**.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit has instructed courts to weigh three factors in exercising its discretion to determine whether good cause under Federal Rule of

---

[1] In addition to a request to vacate the Clerk's entry of default judgment, Defendant filed a letter on August 22, 2024 seeking a pre-motion conference to discuss a potential motion to compel arbitration. (*See* ECF No. 10 at 1.) The potential motion to compel arbitration is premised upon the "Mutual Arbitration Agreement," dated March 14, 2015 and signed by Plaintiff Louisha Jones. (*See* ECF No. 10-1.)

Civil Procedure 55(c) exists: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Doe v. Hesketh*, 828 F.3d 159, 174 (3d Cir. 2016) (internal quotation and citation omitted). Overall, the Third Circuit prefers decisions on the merits, thus disfavoring defaults. *See, e.g., Ipromoteu, Inc. v. Sasco New Jersey, Inc.*, No. 20-20529, 2024 WL 278570, at *2 (D.N.J. Jan. 25, 2024).

As to the first factor, courts in this District frequently weigh it in favor of a defendant when a vacatur motion is unopposed and plaintiff has not otherwise raised any allegations of prejudice. *See id*; *see also Doe v. City of Jersey City Bd. of Educ.*, No. 21-20223, 2022 WL 1137301, at *2 (D.N.J. Apr. 18, 2022) (granting motion to vacate even where "Plaintiff's counsel declined to consent to withdraw the Entry of Default"). As the Motion here is unopposed, there have been no allegations of prejudice raised. Thus, any potential delay, on its own, insufficiently prejudices Plaintiff. *See N.J. Chinese Cmty. Ctr. v. McAleer*, No. 21-8320, 2022 WL 3403297, at *5 (D.N.J. Aug. 15, 2022) ("[D]elay . . . , alone, rarely establishes sufficient prejudice."). This factor favors vacatur.

As to the second factor which relates to the merit of Defendant's defenses, only a showing that the defenses are "litigable" is required, not that they would necessarily prevail at trial. *See Cunningham v. Speeding Moving Co., LLC*, No. 23-551, 2023 WL 4267645, at *2 (D.N.J. June 29, 2023) (citation omitted). Importantly, however, the defense must, if it were to prevail at trial, provide a "complete defense to the action." *J. Supor & Son Trucking & Riggins Co., Inc. v. Kenworth Truck Co.*, 791 F. App'x 308, 315 (3d Cir. 2019) (internal quotation and citation

2

omitted). Defendant provides various defenses, including: (i) failure to exhaust administrative remedies, (ECF No. 8-1 at 18–19); (ii) timeliness with respect to both the Equal Employment Opportunity Commission Charge of Discrimination, (*see id.*), as well as the Complaint in this lawsuit, (ECF No. 1); (iii) claims are subject to arbitration, (*see id.* at 5, 8); and (iv) that the claims fail as a matter of law based on supposed deficiencies in the allegations, (*see id.* at 20). Without adjudging the merits of these defenses, these defenses can provide a complete defense if a defendant were to ultimately prevail. *See Kopko v. Lehigh Valley Health Network*, 776 F. App'x 768, 775 (3d Cir. 2019) (affirming dismissal of Age Discrimination in Employment Act claim "for failure to exhaust administrative remedies"); *see also J. Supor & Son Trucking*, 791 F. App'x at 315 (finding assertions that a statute of limitations defense bars a claim "satisfies the meritorious-defense requirement"). The defenses provided by Defendant satisfy this requirement, thus this factor also favors Defendant.

Finally, "[t]he third factor considers whether a defendant is culpable in the default—*i.e.*, whether the defendant 'acted willfully or in bad faith.'" *Parra v. Delia's Rest. LLC*, No. 21-10645, 2023 WL 2917302, at *2 (D.N.J. Apr. 12, 2023) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). To show this, "[m]ore than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown." *Westpark Elecs. LLC v. EDealer LLC*, No. 22-4327, 2023 WL 157582, at *3 (D.N.J. Jan. 11, 2023) (citation omitted). Here, according to the Motion and the sworn Affidavit (the "Affidavit") of Defendant's General Counsel, James Cowen ("Cowen"), (*see* ECF No. 8-5), the failure to timely respond was due to alleged oversight coupled with responsibilities that Cowen describes as

3

"extensive and all encompassing," rather than any bad faith. (*See* ECF No. 8-1 at 22–25; *see also* ECF No. 8-5.) Consistent with other courts in this District, the details in the Motion and Affidavit provided, show no willfulness or bad faith, and do not rise to culpable neglect and certainly not enough to overcome the other two other factors favoring vacatur. *See, e.g., Glashofer v. New Jersey Manufacturers Ins. Co.*, No. 15-3601, 2016 WL 4204549, at *4 (D.N.J. Aug. 9, 2016) ("[u]nintentional breakdown in its internal operating procedures" does not constitute "culpable neglect").

Therefore, based on the three-factor test for good cause, the Court exercises its discretion in finding good cause to vacate the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c). The Motion to Vacate is thus **GRANTED**.

Accordingly, IT IS on this 30th of October, 2024,

**ORDERED** that Plaintiff's Motion for Vacate Clerk's Entry of Default (ECF No. 8) is **GRANTED;** and it is further

**ORDERED** that pursuant to the Court's Judicial Preferences, Plaintiff shall "[w]ithin seven (7) days . . . submit a written response, not to exceed three (3) single-spaced pages" to Defendant's Letter (ECF No. 10) requesting a pre-motion conference.

                                                                     _____
                                                                     **ROBERT KIRSCH**
                                                                     **UNITED STATES DISTRICT JUDGE**